UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>EDWIN A. MCCABE,<br><br>              Debtor | Chapter 7<br>Case No. 03-17428-WCH |

**TRUSTEE'S MOTION TO SELL BY PRIVATE SALE THE ESTATE'S INTEREST IN ANY ACTION, APPEAL, CLAIM, AND/OR CAUSES OF ACTION IN THE MASSACHUSETTS SUPERIOR COURT (SUFFOLK COUNTY) ACTION, BLISS VALLEY PROPERTIES, LLC ET AL VS. PETROS ELIOPULOS, ET AL CIVIL ACTION NO. 04-1100-BLS FREE AND CLEAR OF ALL CLAIMS, INTERESTS AND ENCUMBRANCES ASSERTED BY ANY PARTY**

TO THE HONORABLE WILLIAM C. HILLMAN, UNITED STATES BANKRUPTCY JUDGE:

Joseph Braunstein, the Chapter 7 Trustee (the "Trustee") of Edwin A. McCabe, (the "Debtor"), requests the authority from this Court pursuant to 11 U.S.C. § 363(b)(1) and Local Rule 6004-1 to sell the Trustee's right, title and interest in any action, claim, and/or causes of action in the Massachusetts Superior Court (Suffolk County)Action, Bliss Valley Properties, LLC, et al vs. Petros Eliopulos, et al., Civil Action No. 04-1100-BLS and the pending appeal in the Massachusetts Appeals Court, Docket Number 2005-P-1292, (the "Property"). As fully described in the Trustee's Notice of Intended Private Sale (the "Notice of Sale"), filed with this motion, the sale shall be free and clear of all claims, interest, liens and encumbrances. Any such interest in the Property, when established, shall attach to the proceeds realized from the sale of the Property, subject, if necessary, to a determination by the Bankruptcy Court as to the priority, validity, and amount of such interest. In support of this motion, the Trustee states as follows:

1.      On September 3, 2003, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

2.      On February 16, 2005, this case was converted to a Chapter 7 proceeding and thereafter, Joseph Braunstein was appointed as Chapter 7 Trustee.

3.      The Trustee seeks to sell by private sale the Debtor's interest in the Property subject to all conditions contained in the accompanying Notice of Sale.

4.     The Trustee seeks to sell the Property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §363(b)(1) and Local Rule 6004-1.  To the extent there exist any valid liens, claims or encumbrances, the Trustee proposes that they attach to the sale proceeds in the same order as they encumber the Property, less all costs associated with the sale including but not limited to the Trustee's fees and expenses.

5.     On or about September 20, 2005, the Trustee filed a Notice of Abandonment of the Property.  An Objection to the abandonment was filed by the creditor Meglon Domestic Non-Grantor Trust. Prior to the hearing, the Debtor also made an offer to purchase the Property from the Estate.

6.     The Trustee has since received an additional offer from the Debtor, a copy of which is attached as Exhibit "A".  The Debtor has offered to purchase the Property for a price equal to thirty three and one third  percent (33 ⅓%) of any recovery which may be realized either by way of settlement, judgment, award or otherwise from: (a) the pending appeal; (b) the reinstitution of litigation against any of the Bliss Valley Defendants in Massachusetts; and/or (c) the prosecution of any claims in any forum against any of the Bliss Valley Defendants, after payment of McCabe's counsel's reasonable attorneys' fees which the Trustee has accepted.  The Trustee believes that the price is fair and in the best interest of creditors, taking into consideration that the Trustee was prepared to abandon the Property.

7.     Any and all creditors and/or parties -in- interest having notice of the sale who fail to timely object to the sale of the Property by the Trustee in accordance with the terms of the Notice shall be deemed to have consented to the sale of the Property free and clear of any interest, liens, claims and encumbrances.

WHEREFORE, the Trustee respectfully requests that this Court:

A.     Authorize the Trustee to sell the Debtor's interest in the Property free and clear of all claims, liens and encumbrances asserted by any entity, with any and all such interest in the Property, when established, attaching to the proceeds realized from the sale of the Property, with such interests, if any, subject to later determination by the Bankruptcy Court, if warranted; and

B.     Grant such other and further relief as this Court deems just and proper.

2

JOSEPH BRAUNSTEIN
CHAPTER 7 TRUSTEE OF
EDWIN A. MCCABE

Dated: November 9, 2005

/s/ Joseph Braunstein
Joseph Braunstein
BBO #054680
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

922023.1

Exhibit "A"



# Memo

| | |
|---|---|
| **To:** | Craig Ziady |
| **From:** | Ed McCabe |
| **Date:** | October 26, 2005 |
| **Subject:** | My Offer To Purchase Litigation Claims |

I am writing, as you requested, to confirm my offer to acquire, and prosecute, or cause to be prosecuted, the claims which my estate, and the firm's estate, have against Messrs. Vihon, et al, now the subject of an appeal from an order of dismissal of those claims by the Superior Court of Suffolk County, in the BLS session of that Court

I will purchase the claims for a price equal to thirty-three and one-third (33 1/3%) percent of any net recovery which may be realized, whether by way of settlement or by way of satisfied final judgment, or both, from prosecution of (a) the pending appeals from the orders of dismissal of the Superior Court, and (b) assuming the success of those appeals, and the re-institution of the litigation, or © assuming the prosecution of those claims in any other forum, should the appeal fail to reinstate the case in its entirety in Massachusetts, from prosecution of those claims. I will assume the cost of all further proceedings, which will require retention of counsel since, no doubt, I will be a witness, as well as a party, to those proceedings. The retention of counsel may also involve the payment of a contingent fee to such counsel, and the payment of any such fee shall be taken into account in determining the amount of any net recovery.

The "net recovery" will be that amount in excess of any legal fees and expenses which I may incur and pay which may be realized from prosecution of the claims anywhere. The purchase price will be paid within thirty (30) days of my realization of any such net recovery, and at the time of payment, the trustee will be given a full accounting with respect to any event which resulted in any such net recovery.

I will use my best efforts to cause the prosecution of the claims in a timely manner to conclusion, subject, however, to my professional judgment concerning any and all aspects of such prosecution, including the economic prudence of pursuing any particular claim. In the event that I conclude, based upon my professional judgment, that one or more of the claims should not be further prosecuted, I will tender to the trustee my interest in any such claim, free and clear of any entitlement I might have to be reimbursed for fees and/or expenses incurred, in order that he, in his professional judgment, may determine whether it would be in the interests of either estate further to prosecute such claims.