# UNITED STATES BANKRUPTCY COURT
## for the
## DISTRICT OF MASSACHUSETTS

==========================================
In Re:

  EDWIN A. McCABE,

         Debtor

\* Chapter 7
\* No. 03-17428-WCH

==========================================

### MEMORANDUM OF DECISION ON TRUSTEE'S LIMITED OBJECTION TO CERTAIN EXEMPTIONS CLAIMED BY THE DEBTOR

I. Introduction

  The matter before the Court is the Trustee's Limited Objection to Certain Exemptions Claimed By the Debtor (the "Objection"). In the Objection, the Trustee first seeks to clarify the extent of the exemption in two entities and to object to the exemption in two additional entities on the grounds that they are not property of the estate. In his response, Edwin A. McCabe (the "Debtor"), offers to amend his exemptions and address the issue of property of the estate. For the reasons set forth below, I will enter an order sustaining the Objection, in part and overruling the Objection, in part.

II. Background

  In Schedule B to his petition, the Debtor listed ownership of these entities in the percentages indicated:

    The McCabe Group, A Professional Corporation   100%

1

| | |
|---|---|
| Breakwater Investments, LLC | 100% |
| TMG Holdings, LLC | 1% |
| GEDCO, LLC | 50% |

The Debtor declared the value of each of these assets as "uncertain." On Schedule C, he elected the federal exemptions and asserted a $2,000 exemption against each of these entities pursuant to 11 U.S.C. § 522(d)(5) for a total deduction under that section of $8,000.[1] In addition, at the end of the schedule he stated that "the Debtor reserves the right to subsequently apply any unused amount of any exemption."

Joseph Braunstein, the Chapter 7 Trustee (the "Trustee") filed the Objection in which he asserted that, as to The McCabe Group, A Professional Corporation("TMG") and GEDCO, LLC ("Gedco"), the exemptions should be limited to $2,000 each, whatever the ultimate value is determined to be. He contends that it is necessary for him to make this objection now to avoid a problem with the Supreme Court's mandate in *Taylor v. Freeland & Kronz,* 503 U.S. 638 (1992). As to Breakwater Investments, LLC ("Breakwater") and TMG Holdings, LLC ("Holdings", the Trustee contends that the Debtor is not entitled to an exemption in those entities as they are not property of the estate but rather are property of TMG, which is also a debtor in this court (and in which the Trustee also acts as trustee). The Trustee's fallback argument is that, should I find that Debtor has an interest in Breakwater and Holdings, the Debtor should similarly be limited to an exemption of $2,000 each without regard to the value.

---

[1] Debtor did not claim an exemption in any real estate. As a result, this section, as in force at the time the original petition was filed, would have allowed him a total "wildcard" exemption of $9,650, $925 under subsection (5) and $8,725 carried over from subsection (1). In his response to the Trustee's objection, Debtor contends he "has used his 11 U.S.C. § 522(d)(5) exemption to the extent of the $8,000.00 available at the time of his bankruptcy filing."

2

In his response to the Objection, the Debtor states that he now waives any right to an exemption in TMG or Holdings as there will be no equity in those entities. He wishes to apply the $4,000 no longer needed to Gedco, making the claim of exemption $6,000 as to that company. As to Breakwater, Debtor insists the asset is property of the estate.

At the hearing on the Objection and response, the Trustee explained that he has no objection to the Debtor moving to amend his Schedule C to claim a $6,000 exemption in Gedco and a $2,000 exemption in Breakwater.[2] The parties agreed that the Debtor will file a motion to amend his exemptions to reflect this agreement. The Debtor, however, raised the issue of whether Gedco remains property of the estate if it is determined that the value of the asset as of the petition date is worth less than the claimed exemption. At the conclusion of the hearing, I took the matter under advisement.

III. Analysis

Because the parties have resolved the dispute regarding the amounts of the exemptions in TMG, Holdings and Breakwater, I will enter an order reflecting so much of the agreement that comports with the present proceeding. The Debtor is free to amend Schedule C to reflect the remainder of their agreement. The only additional issue before the Court is the issue of whether Gedco remains property of the estate.[3]

---

[2] The Trustee stated that he has no objection to the Debtor taking an exemption in Breakwater notwithstanding the fact that he does not have information regarding whether the Debtor provided consideration for Breakwater.

[3] I further note that the Debtor's reservation of rights in Schedule C is not self-executing. At best, it puts parties in interest on notice that they may be hearing more

3

Once a debtor files for relief, an estate is created. 11 U.S.C. § 541. A debtor may exempt property from the estate. 11 U.S.C. § 522(b) If a debtor claims an exemption in an asset which is property of the estate and no party files a timely objection to that exemption, the asset is exempt. 11 U.S.C. § 522 (l).[4] The Supreme Court explained that an exemption "is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308 (1991). *See also Bell v. Bell (In re Bell)*, 225 F.3d 203, 215-6 (2nd Cir. 2000) ("Quite simply, property that has been exempted belongs to the debtor."), *Gamble v. Brown (In re Gamble)*, 168 F.3d 442, 444 (11th Cir. 1999) ("The plain language of the bankruptcy code and precedent from this court are clear that exempt property is no longer part of the bankruptcy estate, and is available for the debtor's use."), *Abramowitz v. Palmer*, 999 F.2d 1274, 1276 (8th Cir. 1993) (ruling asset "fell out" of estate after exemption objection deadline expired), *In re Yonikus*, 996 F.2d 866, 870 (7th Cir. 1993) ("After an asset is property of the estate that was not excluded from the estate, it can still pass out of the estate (and thus out of the reach of creditors) as a qualified exemption under 11 U.S.C. § 522."), *Taylor v. Freeland & Kronz*, 938 F.2d 420, 422 (3rd Cir. 1991) ("When a claimed exemption is upheld by the court, the property so exempted is no longer considered property of the bankruptcy estate."), *aff'd* 503 U.S. 638 (1992).

In this case, the Debtor apparently seeks an order clarifying that Gedco is no longer property of the estate because his exemption exceeds the value of the asset.

---

from the Debtor regarding his exemptions.

[4]The deadline for filing an objection is set forth in Fed. R. Bankr. P. 4003.

4

Certainly if there is any equity in an asset after deducting the liens and the exemption, it remains property of the estate. *In re Barksdale*, 281 B.R. 548 (Bankr. D. N.J. 2002).

There are cases which have discussed the issue of whether an asset which has a value equal to or less than the liens and the exemption remains property of the estate. *See e.g., Pope v. Clark*, 274 B.R. 127 (Bankr. W.D. Penn. 2002). Typically the issue in those cases is whether the trustee is barred from administering the equity above the exemptions and liens after the deadline for objecting to the exemption has expired. *Id. See also Olson v. Anderson*, 2006 WL 3290848 (Bankr. W.D. Mich. 2006), *In re DeSoto*, 181 B.R. 704 (Bankr. D. Conn. 1995), *Zupansic v. Hyman (In re Zupansic*, 259 B.R. 388 (Bankr. M.D. Fla. 2001).

In this case, however, I am not confronted with whether the Trustee can object to the exemption after the deadline. Instead, the Trustee interposed a timely objection and the parties agree that the Debtor will amend his exemptions to reflect that he is taking an exemption of $6,000 in Gedco. I cannot, however, reach the issue which the Debtor addresses.

The Debtor listed his interest in Gedco as "uncertain". He now seeks to have that asset declared fully exempt and no longer property of the estate because he represents that Gedco has a value of less than $6,000. As one court explained in finding insufficient the use of "unknown" as the current fair market value: "it may signal nothing more than that the asset has not been valued or that the debtor is unsure of how to come up with an accurate market value." *Stoebner v. Wick (In re Wick)*, 276 F.3d 412, 416 (8th Cir. 2002) ("Here, when a specific dollar figure given by statute

5

limited the amount of the exemption, and the trustee did not forsake an interest in the options, either through inadvertence or misjudgment, listing 'unknown' does not, by itself, render the options fully exempt."). Because the Debtor has never amended Schedule B and has not offered any further information regarding the value, I cannot make any conclusions or findings regarding Gedco. As such, I decline to rule on the issue which the Debtor presented during oral argument.

IV. Conclusion

The objection as to Gedco and TMG is sustained. The Debtor is entitled to a $2,000 exemption in each of those entities. The objection as to Breakwater is overruled. The Debtor is entitled to a $2,000 exemption in that asset. The objection as to Holdings is sustained.

William C. Hillman
United States Bankruptcy Judge

Dated: 11/22/06